Paul B. Youkilis (PY0388)
THE YOUKILIS LAW GROUP, P.C.
65 Hilton Avenue
Garden City, New York 11530
T: (516) 408-7256
F: (516) 408-2158
paul@youkilislaw.com

*Attorneys for Plaintiff,*
*Kristen M. Andoos*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
------------------------------------------------------------------X

KRISTEN M. ANDOOS,                           Civil Action No.: 1:17-cv-378

                    Plaintiff,

          v.                                 **COMPLAINT AND**
                                             **JURY DEMAND**

THE CITY OF NEW YORK, NEW YORK
CITY DEPARTMENT OF TRANSPORTATION,
THE STATEN ISLAND FERRY, JAMES
DESIMONE, JOHN GARVEY, EARLE
FERENCZY AND DOES 1-10,

                    Defendants.
------------------------------------------------------------------X

Plaintiff, KRISTEN M. ANDOOS ("Plaintiff"), by and through her attorneys, The Youkilis Law Group, P.C., complains against defendants, THE CITY OF NEW YORK, NEW YORK CITY DEPARTMENT OF TRANSPORTATION, THE STATEN ISLAND FERRY, JAMES DESIMONE, JOHN GARVEY, EARLE FERENCZY AND DOES 1-10 (collectively, "Defendants"), as follows:

1

## NATURE OF ACTION

1.      This is an action under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq., and Title I of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, as amended ("Title VII"), the New York City Human Rights Law (Title 8 of the Administrative Code of the City of New York) ("NYCHRL") and the New York State Human Rights Law (New York State Executive Law § 296) ("NYSHRL") for unlawful employment discrimination and sexual harassment against Plaintiff on the basis of her gender, and unlawful retaliation for (i) Plaintiff's opposition to and reporting of such discrimination and harassment; and (ii) charges and complaints filed by Plaintiff in that regard.  As alleged with greater detail herein, defendant, EARLE FERENCZY ("Ferenczy"), sexually harassed Plaintiff, and Defendants discriminated against Plaintiff by subjecting her to a hostile work environment based upon her gender, and by retaliating against Plaintiff for having reported the incidences of sexual harassment and for her opposition to the hostility to which she was subjected by Defendants in the workplace.

## JURISDICTION AND VENUE

2.      The jurisdiction of this Court is invoked pursuant to 28 U.S.C. § 1331 and § 1343, conferring original jurisdiction upon this Court of any civil action to recover damages or to secure equitable relief under Title VII of the Civil Rights Act

of 1964, as amended, 42 U.S.C. § 2000e et seq., and Section 102 of The Civil Rights Act of 1991 ("Title VII"). The Court's supplemental jurisdiction of claims arising under the NYCHRL and NYSHRL is invoked under 28 U.S.C. §1367.

3.       Venue is proper, because Defendants, THE CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF TRANSPORTATION, are residents of the Eastern District of New York.

## THE PARTIES

4.       Plaintiff is a resident of Oceanside, New York, and, at all times relevant herein, Plaintiff was and is a female employee of Defendants, THE CITY OF NEW YORK and NEW YORK CITY DEPARTMENT OF TRANSPORTATION.

5.       Defendant, THE CITY OF NEW YORK ("City"), is a municipal corporation formed under the laws of the State of New York.

6.       Defendant, NEW YORK CITY DEPARTMENT OF TRANSPORTATION ("DOT"), is an agency of the City formed, existing and operating under and by virtue of the laws of The City of New York and the State of New York

7.       Defendant, STATEN ISLAND FERRY ("Ferry"), is owned and operated by the DOT under the laws of The City of New York and the State of New York.

8.     At all times relevant herein, Defendant, JAMES DESIMONE ("DeSimone"), was and is employed by the City and DOT and was acting under color of state law, and, upon information and belief, DeSimone was and is the Chief Operations Officer of the Ferry.

9.     Upon information and belief, DeSimone was and is a resident of the State of Connecticut.

10.     At all times relevant herein, Defendant, JOHN GARVEY ("Garvey"), was and is employed by the City and DOT and was acting under color of state law, and, upon information and belief, Garvey was and is the Director of Operations of the Ferry.

11.     Upon information and belief, Garvey was and is a resident of the State of New York.

12.     At all times relevant herein, Ferenczy was and is a male employee of the City and DOT and was acting under color of state law, and, upon information and belief, Ferenczy was and is a Captain at the Ferry.

13.     Upon information and belief, Ferenczy is a resident of the State of New Jersey.

14.     Upon information and belief and, at all times relevant herein, DeSimone and Garvey were and are among the highest-ranking managers of the

Ferry and controlled all day-to-day operations of the Ferry and made all decisions regarding Ferry employees, including Plaintiff.

15.     Upon information and belief and at all times relevant herein, Defendants, Does 1-10, were and are employed by the City and were acting under color of state law.

## FACTS

16.     Plaintiff has been continuously employed at the Ferry since about April 2009.  Plaintiff was also previously employed at the Ferry from 2007 until approximately August 2008.  Plaintiff remains employed at the Ferry.

17.     Plaintiff's current title with the Ferry is Assistant Captain, and she has held that position with the Ferry for more than 6 years, even though she has been licensed to be a Captain since 2010.

18.     Since early 2012, Plaintiff has inquired with DeSimone, Garvey and other Ferry management about being promoted to the position of Captain, and, additionally throughout that time, has made multiple formal requests/applications to be promoted to the position of Captain, which, among other things, comes with greater responsibilities and higher monetary compensation than Plaintiff's current position of Assistant Captain.

19.     At best, those inquiries and requests have often been met with vague, evasive and ultimately-empty comments, such as DeSimone's statement to

Plaintiff that "your future aspirations will be fulfilled one day" and Garvey's statement to Plaintiff that "I'm not adverse" to Plaintiff being promoted to the position of Captain.

20.    Notwithstanding those statements, Plaintiff is still an Assistant Captain.

21.    Also, those inquiries and requests have been met with more definitive, discriminatory remarks made to Plaintiff, such as Garvey's statement to Plaintiff that "you can't stand up to the men."

22.    Beginning in late 2011 and persisting into 2013, Plaintiff was sexually harassed and inappropriately pursued by Ferenczy.  All of Ferenczy's sexual advancements and pursuits of Plaintiff were unwelcomed by Plaintiff.

23.    Ferenczy sexually harassed Plaintiff because of Plaintiff's gender.

24.    Ferenczy's harassment of Plaintiff set in motion a series of events and circumstances that have resulted in interference with Plaintiff's ability to freely and fully perform her job duties.

25.    Ferenczy's behavior was so severe and pervasive and escalated to a point that Plaintiff felt threatened and filed a police report.  Plaintiff also reported those matters to Ferry management and the internal EEO.

26.    An EEO investigation ensued, and, in 2014 and as a result of that investigation, Ferenczy was given a 45-day suspension and 1-year probation and

6

directives were issued that Ferenczy was to have no contact with Plaintiff. Since the time of Plaintiff's internal reporting of Ferenczy's harassment of her, she has been subjected to retaliation, gender discrimination and a hostile work environment.

27.     Further, the "no contact" directives were and continue to be poorly enforced, if at all.

28.     On or about October 28, 2015 (approximately one week after the 1-year suspension ended), Ferenczy cornered Plaintiff and tried to confront her near a copy machine at the Ferry. Fearing for her safety, Plaintiff reported that incident to the police.   Also, Plaintiff immediately reported the matter to Ferry management, and, after doing so, the matter was referred to the internal advocates' office ("AO").

29.     Ferenczy was then placed on paid leave.

30.     To Plaintiff's astonishment, the AO's investigation resulted in Ferenczy's return to active duty in January 2016.

31.     Even worse, Plaintiff learned on January 21, 2016 that she was required to switch vessels.

32.     Furthermore, by removing Plaintiff from her vessel and thereby requiring her to move her personal effects from one vessel to another, the Ferry moved Plaintiff out of her bid position.

33.     Moreover, Defendants' failure to implement the "no contact" directives has created multiple situations in which contact between Ferenczy and Plaintiff was clearly foreseeable.

34.     Upon Plaintiff having learned that she was required to switch vessels, and upon inquiry to the Ferry's personnel office and having been told to call Garvey (because personnel told Plaintiff that Garvey rendered the decision regarding her move to another vessel), Plaintiff immediately called Garvey on January 21, 2016 and expressed her concerns and fears of being in close proximity to Ferenczy.  Garvey tersely dismissed those concerns and made disturbingly insensitive comments to Plaintiff as he downplayed and mocked (i) the threat that Ferenczy poses to her and (ii) the severe discomfort she had (and has) been experiencing as a result of that threat.

35.     Some of the concerns and fears that Plaintiff expressed during the January 21, 2016 call related to the fact that Plaintiff would come into contact with Ferenzcy when she would be retrieving her personal effects from her vessel (as she was ordered to do by Garvey).  Interrupting Plaintiff, Garvey stated to Plaintiff, "it doesn't matter…it doesn't matter…ok?...he's not the boogeyman…he doesn't have weapons…"

36.     Upon information and belief, the "no contact" directives were reissued and reiterated to Defendants by the internal EEO in or about March 2016.

8

37.    Also, since Ferenczy's return to active duty, measures to prevent contact between Ferenczy and Plaintiff have actually inconvenienced Plaintiff, such as Plaintiff's having to switch vessels and transfer her personal effects from one vessel to another.

38.    In other words, when Defendants do "implement" the "no contact" directives, they do so in such a way that inconveniences and adversely affects Plaintiff and her employment—not Ferenczy or his employment.

39.    For example, Defendants' failure to properly implement the "no contact" directives has resulted in scenarios in which Plaintiff has been taken out of her bid job and, therefore, out of the crew and hours associated with her bid job.

40.    Furthermore, Plaintiff has often been deliberately overlooked and deprived of overtime hours and pay as a result of Defendants' retaliatory, targeted implementation of the directives.

41.    As a result of Defendants' oft-refusal to take the "no contact" directives seriously, Plaintiff has had to constantly remind Ferry foremen and other Ferry employees that they need to give her advance notification that Ferenczy will be boarding a boat on which Plaintiff is present.

42.    Indeed, Plaintiff is often receiving last-second text messages in that regard from Ferry employees.

9

43.     For example, Defendants' failures in this regard have often resulted in Plaintiff having to make arrangements with other Ferry employees to notify her if and when Ferenczy will be nearing Plaintiff's presence so that Plaintiff may hide in a nearby bathroom while waiting for a text message from another employee notifying her that Ferenczy is no longer near Plaintiff—in other words, that "the coast is clear."

44.     Defendants are aware that Plaintiff and other Ferry employees—employees entrusted with safely transporting tens of thousands of innocent civilians across waters between Staten Island and Manhattan—have been constrained to occupying some of their time and attention to handling the Ferenczy situation, even though Defendants have been specifically ordered by the internal EEO on multiple occasions to implement the "no contact" directives.

45.     Moreover, since the time that Plaintiff reported Ferenczy's harassment of her to the internal EEO in 2013, Ferry management—including many of the Defendants—have depicted Plaintiff in a negative light to several of the other Ferry employees.

46.     In turn, that has adversely affected Plaintiff's position with the Ferry and her ability to freely and fully perform her duties.

47.     For example, many Ferry employees do not want to bid for positions with Plaintiff or on Plaintiff's shift.

48.     Also, certain Ferry employees will no longer respond to Plaintiff when she requests a "passing agreement" with another vessel, which, in turn, interferes with Plaintiff's performance of her job duties and further places the safety of the Ferry's passengers and vessels at risk.

49.     Furthermore, since the time that Plaintiff reported the Ferenczy incidents to Ferry management and the internal EEO in 2013, eight male employees of the Ferry have been promoted from Assistant Captain to Captain.

50.     Each of those eight male employees had, to varying degrees, less experience, hours and tenure than Plaintiff at the time of their respective promotions to Captain.

51.     The promotions of those eight male employees have occurred in 2013, 2014, 2015, April 2016 and in the Fall of 2016.

52.     Upon information and belief, until on or about October 24, 2016, the Ferry had never promoted a female to Captain.

53.     However, between October 3, 2016 and October 24, 2016, it was widely known throughout the Ferry—including among management—that the female who was promoted to Captain on or about October 24, 2016 had already

11

accepted another position with another local maritime pilots association on or about October 3, 2016.

54.     Upon information and belief, the Ferry "promoted" that female employee to Captain due to Plaintiff's then-pending EEOC charge but while also knowing that the female employee was soon to be leaving her employment with the Ferry.

55.     The Ferry's promotion of each of the eight male Assistant Captains (instead of Plaintiff) to Captain, together with the independent fact that Plaintiff has not been promoted to Captain, constitutes multiple instances of (i) gender discrimination against Plaintiff, (ii) retaliation and unlawful discrimination carried out against Plaintiff for her having filed complaints against Ferenczy of sexual harassment and other inappropriate, threatening and unwelcome behavior directed at Plaintiff due to her gender.

56.     Moreover, those multiple instances of discrimination and retaliation, combined with the Ferry's ongoing mishandling of Ferenczy's unlawful actions, have created a hostile work environment for Plaintiff, which persists to this day.

57.     Plaintiff has been and continues to be adversely affected by the foregoing acts and omissions of Defendants.

58.     At all times, Defendants created and maintained an environment at the Ferry that discouraged and punished complaints or perceived-dissent of any kind.

59.     The effect of Defendants' foregoing acts and omissions has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee, because of her gender and because of her lawful reporting of Ferenczy's sexual harassment of her.

60.     The unlawful practices of Defendants in this regard were, and are intentional and have created a hostile work environment for Plaintiff.

61.     The unlawful practices of Defendants were done with malice and/or with reckless indifference to the federally-protected rights of the Plaintiff.

## PROCEDURAL REQUIREMENTS

62.     Plaintiff has exhausted all administrative remedies and has satisfied all procedural requirements prior to commencing this action.

63.     Plaintiff filed the aforementioned reports/complaints with her employer's internal EEO and the AO.

64.     Plaintiff also timely filed a charge with the Equal Employment Opportunity Commission ("EEOC") on February 3, 2016 with respect to the foregoing unlawful practices of Defendants.

65.     Pursuant to Plaintiff's specific request, the EEOC issued a *Notice of Right to Sue* to Plaintiff by letter, dated October 24, 2016.  That *Notice of Right to Sue* was mailed by first class mail by the EEOC on October 25, 2016.  Counsel for Plaintiff received that *Notice of Right to Sue* letter by first class mail on November 8, 2016.

## FIRST CLAIM FOR RELIEF
### (Sexual Harassment in Violation of Title VII)

66.     Plaintiff repeats and realleges all of the contents of all of the prior paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

67.     Beginning in late 2011 and persisting into 2013, Plaintiff was sexually harassed and inappropriately pursued by Ferenczy.   All of Ferenczy's sexual advancements and pursuits of Plaintiff constituted unwelcome behavior.

68.     Ferenczy sexually harassed Plaintiff because of Plaintiff's gender.

69.     Ferenczy's behavior was so severe and pervasive and escalated to such a point that Plaintiff felt threatened and filed a police report.  Plaintiff also reported those matters to Ferry management and the internal EEO.

70.     The foregoing unlawful acts of Ferenczy toward Plaintiff were in violation of Title VII and The Civil Rights Act of 1991.

71.     By their aforementioned actions, Ferenczy and Defendants subjected Plaintiff to a hostile work environment by reason of her gender in violation of Title VII and The Civil Rights Act of 1991.

72.     As a result of the aforementioned unlawful acts, Plaintiff has suffered and continues to suffer emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

## SECOND CLAIM FOR RELIEF
### (Sexual Harassment in Violation of the NYCHRL)

73.     Plaintiff repeats and realleges all of the contents of all of the prior paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

74.     The foregoing unlawful acts of Ferenczy toward Plaintiff were in violation of the NYCHRL.

75.     By their aforementioned actions, Ferenczy and Defendants subjected Plaintiff to a hostile work environment by reason of her gender in violation of the NYCHRL.

76.     As a result of those unlawful acts, Plaintiff has suffered and continues to suffer emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

## THIRD CLAIM FOR RELIEF

**(Sexual Harassment in Violation of the NYSHRL)**

77.     Plaintiff repeats and realleges all of the contents of all of the prior paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

78.     The foregoing unlawful acts of Ferenczy toward Plaintiff were in violation of the NYSHRL.

79.     By their aforementioned actions, Ferenczy and Defendants subjected Plaintiff to a hostile work environment by reason of her gender in violation of the NYSHRL.

80.     As a result of those unlawful acts, Plaintiff has suffered and continues to suffer emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

## FOURTH CLAIM FOR RELIEF
**(Sex Discrimination in Violation of Title VII)**

81.     Plaintiff repeats and realleges all of the contents of all of the prior paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

82.     Defendants intentionally discriminated against Plaintiff based upon her gender in violation of Title VII and The Civil Rights Act of 1991 by denying Plaintiff equal terms and conditions of employment and advancement in her place of employment.

16

83. Defendants' acts of discrimination were performed with malice and/or with reckless indifference to Plaintiff's protected civil rights.

84. As a result of Defendants' acts of unlawful discrimination, Plaintiff suffered and continues to suffer emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

85. As a result of Defendants' acts of unlawful discrimination, Plaintiff has suffered and continues to suffer substantial losses of past and future earnings and other benefits associated with her employment.

## FIFTH CLAIM FOR RELIEF
### (Sex Discrimination in Violation of the NYCHRL)

86. Plaintiff repeats and realleges all of the contents of all of the prior paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

87. Defendants intentionally discriminated against Plaintiff based upon her gender in violation of the NYCHRL by denying Plaintiff equal terms and conditions of employment and advancement in her place of employment.

88. Defendants' acts of discrimination were performed with malice and/or with reckless indifference to Plaintiff's protected civil rights.

89. As a result of Defendants' acts of unlawful discrimination, Plaintiff suffered and continues to suffer emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

90.     As a result of Defendants' acts of unlawful discrimination, Plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with her employment.

## SIXTH CLAIM FOR RELIEF
### (Sex Discrimination in Violation of the NYSHRL)

91.     Plaintiff repeats and realleges all of the contents of all of the prior paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

92.     Defendants intentionally discriminated against Plaintiff based upon her gender in violation of the NYSHRL by denying Plaintiff equal terms and conditions of employment and advancement in her place of employment.

93.     Defendants' acts of discrimination were performed with malice and/or with reckless indifference to Plaintiff's protected civil rights.

94.     As a result of Defendants' acts of unlawful discrimination, Plaintiff suffered and continues to suffer emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

95.     As a result of Defendants' acts of unlawful discrimination, Plaintiff has suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with her employment.

### SEVENTH CLAIM FOR RELIEF
### (Retaliation in Violation of Title VII)

96.     Plaintiff repeats and realleges all of the contents of all of the prior paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

97.     In violation of Title VII and The Civil Rights Act of 1991, Defendants intentionally discriminated against Plaintiff by retaliating against her for objecting to Defendants' discriminatory treatment of her and for her reporting and filing complaints with respect to Ferenczy's sexual harassment of her.

98.     Such retaliation was in the form of, among other things, harassment, the blatant denial of Plaintiff of equal terms and conditions of employment, and the blatant denial of Plaintiff of advancement in her place of employment, which continues to this day.

99.     Defendants' acts of discrimination were performed with malice and/or with reckless indifference to Plaintiff's protected civil rights.

100.    As a result of Defendants' acts of unlawful discrimination, Plaintiff suffered and continues to suffer emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

101.    As a result of Defendants' acts of unlawful discrimination, Plaintiff suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with her employment.

## EIGHTH CLAIM FOR RELIEF
### (Retaliation in Violation of the NYCHRL)

102.   Plaintiff repeats and realleges all of the contents of all of the prior paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

103.   In violation of the NYCHRL, Defendants intentionally discriminated against Plaintiff by retaliating against her for objecting to Defendants' discriminatory treatment of her and for her reporting and filing complaints with respect to Ferenczy's sexual harassment of her.

104.   Such retaliation was in the form of, among other things, harassment, the blatant denial of Plaintiff of equal terms and conditions of employment, and the blatant denial of Plaintiff of advancement in her place of employment, which continues to this day.

105.   Defendants' acts of discrimination were performed with malice and/or with reckless indifference to Plaintiff's protected civil rights.

106.   As a result of Defendants' acts of unlawful discrimination, Plaintiff suffered and continues to suffer emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

107.   As a result of Defendants' acts of unlawful discrimination, Plaintiff suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with her employment.

## NINTH CLAIM FOR RELIEF
**(Retaliation in Violation of the NYSHRL)**

108.    Plaintiff repeats and realleges all of the contents of all of the prior paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

109.    In violation of the NYSHRL, Defendants intentionally discriminated against Plaintiff by retaliating against her for objecting to Defendants' discriminatory treatment of her and for her reporting and filing complaints with respect to Ferenczy's sexual harassment of her.

110.    Such retaliation was in the form of, among other things, harassment, the blatant denial of Plaintiff of equal terms and conditions of employment, and the blatant denial of Plaintiff of advancement in her place of employment, which continues to this day.

111.    Defendants' acts of discrimination were performed with malice and/or with reckless indifference to Plaintiff's protected civil rights.

112.    As a result of Defendants' acts of unlawful discrimination, Plaintiff suffered and continues to suffer emotional harm, embarrassment, pain and suffering, humiliation and harm to her reputation.

113.    As a proximate result of Defendants' acts of unlawful discrimination, Plaintiff suffered and continues to suffer substantial losses of past and future earnings, and other benefits associated with her employment.

21

## TENTH CLAIM FOR RELIEF
### (Intentional Infliction of Emotional Distress)

114.    Plaintiff repeats and realleges all of the contents of all of the prior paragraphs of this Complaint with the same force and effect as if more fully set forth herein.

115.    Defendants' foregoing intentional conduct was and is so outrageous and extreme that it exceeds all possible bounds of decency expected to be maintained in a civilized society.

116.    As a proximate result of Defendants' foregoing intentional conduct in this regard, Plaintiff has suffered and will continue to suffer severe mental and emotional distress, including but not limited to embarrassment, humiliation, and pain and suffering.

## DEMAND FOR JURY TRIAL

117.    Pursuant to Fed.R.Civ.P. Rule 38(b), Plaintiff hereby demands a trial by jury of all claims and causes of action made by Plaintiff in the within action and in this Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff demands judgment against Defendants as follows:

a.  preliminarily and permanently restraining Defendants from engaging in the aforementioned conduct;

   b.  awarding Plaintiff a money judgment for her damages, including but not limited to lost wages, lost benefits, back pay, front pay, other economic damages, shame, humiliation, embarrassment, mental harm and distress, emotional harm and distress, harm to reputation, and pain and suffering;

   c.  awarding Plaintiff punitive and/or liquidated damages;

   d.  awarding Plaintiff a statutory attorneys' fee;

   e.  awarding Plaintiff pre-verdict, post-verdict and prejudgment interest, attorneys' fees and costs; and

   f.  granting such other, further and additional relief as the Court deem just and appropriate under the circumstances.

Dated:  January 23, 2017
        Garden City, New York

Respectfully submitted,

THE YOUKILIS LAW GROUP, P.C.

By: _____
Paul B. Youkilis (PY0388)
65 Hilton Avenue
Garden City, New York 11530
T: (516) 408-7256
F: (516) 408-2158
paul@youkilislaw.com

*Attorneys for Plaintiff,*
*Kristen M. Andoos*